UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09-CV-00032

| | |
|---|---|
| **MOUNT VERNON FIRE INSURANCE COMPANY** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     **ORDER**<br>) |
| **JAMES ETHAN JOHNSON; JOSE MIGUEL DELGADO; MARCELA RETANA DeORONA; and OSCAR ROMERO, d/b/a FANTASIA'S DISCO a/k/a FANTASIA'S NIGHT CLUB** | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on Plaintiff's Motion for Judgment on the Pleadings (Document #17) and Memorandum in Support (Document #18), filed December 11, 2009; Plaintiff's Complaint for Declaratory Judgment, filed February 26, 2009 (Document #1); Defendant James Ethan Johnson's Answer, filed May 22, 2009 (Document #11); and Defendant Oscar Romero's d/b/a Fantasia's Disco a/k/a Fantasia's Night Club ("Fantasia's") Answer, filed November 24, 2009 (Document #16). This matter is now ripe for disposition.

## FACTS

The issue before the court is whether Defendant Fantasia's commercial general liability policy imposes a duty upon the insurer, Mount Vernon Fire Insurance Company ("Mount Vernon"), to defend and indemnify Fantasia's against defendant James Ethan Johnson's ("Johnson") claim that Fantasia negligently sold alcoholic beverages to defendant Jose Miguel Delgado ("Delgado") when he was already intoxicated.

1

For the reasons that follow, the Court finds that Mount Vernon has no such duties.

On September 12, 2008, Johnson filed a complaint against Delgado, Marcela Retana DeOrona ("DeOrona"), and Fantasia's in the Superior Court of Caldwell County. (Compl. ¶ 13.)[2][1] The complaint stated that on October 20, 2007, Delgado, while driving under the influence, crashed into the vehicle in which Johnson was a passenger, causing him serious physical injuries. (Compl. ¶¶ 7-13.)

Johnson's complaint stated that earlier on October 20, 2007, Delgado had been a patron of Fantasia's. (Compl. ¶ 14.) Johnson alleged that Fantasia's had been negligent in knowingly selling alcoholic beverages to Delgado when he was noticeably intoxicated and that Fantasia's knew or should have known that Delgado was likely to operate a motor vehicle in violation of N.C.G.S. § 18B-305. (Compl. ¶¶ 14-16.) Johnson's complaint also alleged that Fantasia's had been negligent in failing to have or enforce appropriate training to prevent the sale of alcoholic beverages by its employees to persons they knew or should have known were intoxicated. (Compl. ¶ 17.)

At all relevant times, Fantasia's had a commercial general liability policy, Policy No. CP 2138527 ("the Policy"), with Mount Vernon. (Compl. ¶ 19.) Under Part-A, Liability Coverage, the Policy provided that Mount Vernon would pay damages for "bodily injury" or "property damage" for which any insured becomes legally responsible. (Doc. 1-3 at 2.) However, the Policy also stated that Mount Vernon had no duty to defend against any "suit" seeking damages for "bodily injury" or "property damage" not covered under the Policy. (Doc. 1-3 at 2.)

---

[1] Mr. DeOrona is the owner of the vehicle Delgado drove.

[2] All citations to "Compl." in this order indicate the complaint filed by Mount Vernon in the action now before this Court. The complaint filed by Johnson in his state court action was attached as Exhibit A to the Mount Vernon complaint in this case. The Court has reviewed the Johnson complaint to ascertain that Plaintiff's representations concerning it are technically accurate.

The policy included an absolute exclusion for liquor liability arising out of liquor related services that stated:

> This insurance does not apply to… "bodily injury" or "property damage" for which any insured may be held liable by reason of:
> a. Causing or contributing to the intoxication of any person;
> c. The furnishing of alcoholic beverages to any person who is under the influence of alcohol;
> d. Violation of any Statute, ordinance or regulation relating to the sale, gift, distribution, furnishing or use of alcoholic beverages.
>
> The exclusion applies to all injury sustained by any person, including mental anguish or emotional distress, whether alleged, threatened, or actual including but not limited to your negligence or other wrongdoing with respect to:
> a. Hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible.

(Doc. 1-3 at 2.)

Mount Vernon received notice of the original cause of action and agreed to defend Fantasia's subject to a full reservation of rights. (Compl. ¶ 23.)

Mount Vernon then filed its complaint in this court seeking a declaration pursuant to 28 U.S.C. § 2201 and § 2202 that it does not have any obligation to defend or indemnify Fantasia's in regards to Johnson's complaint. Mount Vernon argues that the allegations contained in Johnson's complaint are excluded from coverage under the Policy. (Compl. ¶ 25.)

In Johnson's answer filed in this case, he does not dispute the allegations contained in Mount Vernon's Complaint. (Doc. 10.) Fantasia's Answer likewise admits that the Policy contains an exclusion for liquor liability and that Mount Vernon does not have a duty to settle or defend any claim for bodily injury not covered by the Policy. (Fantasia Ans. ¶¶

20–21.) Neither Delgado nor DeOrona has filed an answer in this case, and at this time both of these defendants are in default.

## DISCUSSION

**A. Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is determined under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

In determining a motion for judgment on the pleadings, the court "may consider documents incorporated by reference in the pleadings." Farmer v. Wilson Hous. Auth., 393 F. Supp. 2d 384, 386 (E.D.N.C. 2004). Where an insurance policy is "integral to and explicitly relied upon in the complaint," the policy itself should be considered along with the factual allegations of the complaint and answer. Colin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 596 (M.D.N.C. 2004).

In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual allegations as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is appropriate if, taking all of the non-moving party's factual allegations as true, the movant demonstrates that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law. Id.

**B. Analysis**

As an initial matter, the court must determine the meaning of the language in Fantasia's insurance policy. The meaning of language in an insurance policy is a question of law for the court. Guyther v. Nationwide Mut. Fire Ins. Co., 109 N.C. App. 506, 512, 109 S.E.2d 238, 241 (1993). When the language of a policy is ambiguous, the court should construe it in favor of coverage for the policy holder. Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co., 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970). Language is ambiguous if it is "fairly and reasonably susceptible to either of the constructions for which the parties contend." Id. However, when the language is plain and unambiguous, the policy should be construed and enforced as written. U.S. Fidelity and Guar. Co. v. Country Club of Johnston County, Inc., 119 N.C. App. 365, 371, 458 S.E.2d 734, 738 (1995).

In U.S. Fidelity and Guar. Co., an insurance company sought judgment on the pleadings in its favor, asking the court to hold that an insurance policy issued to a country club did not provide coverage for the wrongful death claim of a driver killed in a collision with a club patron who had consumed alcohol at the club. Id. The court held that the language in the exclusionary clause of the policy, which was almost identical to the language in the exclusionary clause in Fantasia's policy, was plain and unambiguous. Id. Like the policy in U.S. Fidelity and Guar. Co., the language of the exclusionary clause in Fantasia's policy is plain and unambiguous. Thus, the policy should be construed as written.

Next, the court must determine if Johnson's allegations of negligence against Fantasia's fall within the exclusionary clause of the Policy. To make this determination, "the policy provisions must be analyzed, then compared with the events as alleged…[T]he pleadings are read side-by-side with the policy to determine whether the events as alleged are covered or excluded." Waste Mgmt. of the Carolinas, Inc. v. Peerless Ins. Co., 315 N.C.

5

688, 691, 340 S.E.2d 374, 377 (1986). If the events are excluded, the insurer has no duty to pay. Likewise, if the injury alleged in the complaint is not covered by the policy, the insurer has no duty to defend or indemnify. Thus, if the pleadings contain facts indicating that the event is not covered, the insurer has no duty to defend or indemnify. Id.

In this case, the allegations against Fantasia's fall within the exact language of the exclusionary clause of the Policy. The complaint alleges that Fantasia's was negligent in knowingly selling alcoholic beverages to Delgado when he was noticeably intoxicated, that the club knew or should have known that he was likely to operate a motor vehicle, and that the club was negligent in training and supervising employees to prevent the sale of alcohol to persons they knew or should have known were intoxicated. (Compl. ¶¶14-17.) Fantasia's policy explicitly excludes, "'bodily injury' or 'property damage' for which any insured may be held liable by reason of…[c]ausing or contributing to the intoxication of any person…[and] the furnishing of alcoholic beverages to any person who is under the influence of alcohol." (Compl. ¶ 21.) The Policy also excludes coverage for any "injury sustained by any person…with respect to the training [or] supervision…of any person for whom any insured is or ever was legally responsible." (Id.) Additionally, in its answer to Mount Vernon's complaint for Declaratory Judgment, Fantasia's admitted that the Policy contained an absolute exclusion for liquor liability and that Mount Vernon had no duty to defend any suit or settle any claim for bodily injury or property damage not covered under the Policy. (Fantasia's Ans. ¶¶ 20–21.) Since these claims are not covered under the Policy, Mount Vernon has no duty to defend or to indemnify Fantasia's against Johnson's claims.

## CONCLUSION

Because the language of the Policy is plain and unambiguous, because Fantasia's admits that the Policy contained an absolute exclusion for liquor liability, and because the alleged events fall within the exclusionary clause of the Policy, Mount Vernon has no duty to defend or indemnify Fantasia's against Johnson's claims.

**WHEREFORE**, for the foregoing reasons, Mount Vernon's Motion for Judgment on the Pleadings is **GRANTED**. Accordingly, nothing further remains for litigation, and the Clerk is directed to **CLOSE** this case.

Signed: September 1, 2010

Richard L. Voorhees
United States District Judge